Co wen, J.
I concur in the views expressed by Mr. Justice Bronson, on the questions raised by the demurrer.
It was contended on the argument that the cases in this court which sanction an action of slander for words imputing a misdemeanor, intend those misdemeanors only to which the common or statute law now, or the common law heretofore, attached legal, as contradistinguished from moral infamy. I understand those cases as laying down a rule of much greater compass; one which comprehends every indictable offence, which is at the same time infamous or disgraceful in a general sense— any offence which detracts from the character of the offender as a man of good morals. I admit that this principle covers a wide field of litigation. Perhaps it extends beyond what was once understood to be the true boundary. But the objection that the law will not tolerate the uncertainty thus , introduced, is weakened by the manner in which the same law deals with actions like the present in kindred cases. Fluctuating as the rules of conduct prescribed by the moral code may be, they are every day judicially recognized as the test of actions for printed slander, without the technical limit required by the rule now in question. There the offence imputed need not be even indictable or legally punishable in any way; and a writing or picture alluding to a mere foible, may be the subject of an action, if intended to bring the party into contempt or ridicule.
Nelson, Ch. J. also concurred.
Judgment for the plaintiff.